OPINION OF THE COURT
Per Curiam.
Order, dated June 24, 2004, reversed, without costs, the finding that respondent appellants violated specified provisions of the Housing Maintenance Code is annulled, and the petition is dismissed.
This Housing Part proceeding is based largely upon allegations that respondent appellants, the board of managers and managing agents of condominium premises containing nearly 40 residential units, failed to provide a resident janitor. The governing statute, Multiple Dwelling Law § 83, provides in relevant part as follows:
“Whenever there are thirteen or more families occupying any multiple dwelling and the owner does not reside therein, there shall be a janitor, housekeeper or some other person responsible on behalf of the owner who shall reside in said dwelling, or within a dwelling located within a distance of two hundred feet from said dwelling, and have charge of such dwelling” (emphasis added; see also Housing Maintenance Code [Administrative Code of City of NY] § 27-2054).
Thus, the express terms of Multiple Dwelling Law § 83 make clear that the statute’s janitorial residency requirements do not apply to a multiple dwelling whose owner personally resides in the premises (see Schultz v Simon, 275 App Div 788 [1949]). Neither the plain language of the statute nor a fair reading of the counterpart “Janitorial Services” provisions of subchapter 2, article 13 of the Housing Maintenance Code supports petitioner’s argument *80 that only a multiple dwelling whose resident owner “personally provide[s] janitorial services” is exempt from the requirement that a janitor live on-site. It is inappropriate to imply a limitation into a statute or ordinance, thereby giving it a meaning not found within its clear language (see McKinney’s Cons Laws of NY, Book 1, Statutes § 94).
In view of Civil Court’s own conclusion that the board of managers of the subject condominium premises qualifies as a resident owner within the meaning of Multiple Dwelling Law § 83 — a conclusion which petitioner does not and cannot seriously challenge (see Real Property Law § 339-ee [1]; see also Pekelnaya v Allyn, 25 AD3d 111, 116-117, 120 [2005]) — the court’s directive that appellants hire a resident janitor finds no support in the governing statutory framework. Appellants met their statutory and code obligations by “[p]rovid[ing] a janitor” who, so far is shown on this record, was properly certified as “competent to perform janitorial services” (Housing Maintenance Code § 27-2053 [b] [2]; § 27-2055 [a]).*

 Appellants certified the competency of their janitor through the timely submission to the court of an affidavit from the building’s registered managing agent (Friedman), a procedure which respondent Department of Housing Preservation and Development, the agency charged with enforcing the Housing Maintenance Code, now acknowledges in its appellate brief does not present a “problem.” The affidavit satisfactorily complied with the code’s certification requirements by stating that the building’s 40-hour-a-week, nonresident superintendent (Rosario) was “competent to perform” the janitorial services required under the code, was “capable of operating the furnace and boiler . . . in the building,” and “does not service more than 65 dwelling units,” allegations which remain unrebutted on this record. Notably, petitioner’s papers below did not directly challenge Rosario’s competency, other than to complain that his 40-hour-a-week schedule left the building without a janitor “at night, or on Fridays and Sundays” — an argument which petitioner does not pursue on appeal and which, even if accepted as true, would not create a statutory or code violation.